OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed without costs and matter remanded to the court below for a new trial.
The trial court erroneously dismissed the plaintiff’s action *601 on the ground that the plaintiff had no basis to sue defendant, a Deputy Sheriff of the City of New York, "individually or privately” for damages resulting from his alleged failure to fulfill his mandate to satisfy a prior judgment entered in favor of the plaintiff. CPLR 2223 provides that:
"An officer to whom a mandate is delivered to be executed shall:
"1. execute the mandate according to its command”.
An "officer” includes a Sheriff, and the meaning of "mandate” encompasses orders, judgments, executions and the like (2A Weinstein-Korn-Miller, NY Civ Prac fí 2223.01, at 22-150). Public Officers Law § 72-a further states that "[a]n officer who fails to execute a mandate according to its command * * * is liable to the party aggrieved for the damages sustained by him, in addition to any other punishment or proceeding authorized by law”. If plaintiffs allegations are true, it shows the lack of concern of a public officer towards fulfilling his duties on behalf of the public. Such dereliction cannot be condoned.
Kassoff, P. J., Aronin and Patterson, JJ., concur.